IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| RESOURCE TECHNOLOGY CORP., ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| RESOURCE TECHNOLOGY CORP., ) | Case No. 05 C 4535 |
| ) | |
| Plaintiff-Appellant, ) | Honorable John W. Darrah |
| ) | |
| v. ) | |
| ) | |
| CONNECTICUT RESOURCES RECOVERY ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant-Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

On June 27, 2005, Resource Technology Corporation ("RTC") filed an appeal of the June 16, 2006 Bankruptcy Court order. Presently pending before the Court is Connecticut Resources Recovery Authority's ("CRRA") Renewed Motion to Dismiss.

## BACKGROUND

CRRA and RTC were parties to a "Lease and Operating Agreement for Landfill Gas Conversion for the Shelton Landfill ("the Agreement"). Under the Agreement, RTC was required, among other things: to operate, maintain and make repairs to a gas collection system; and to construct, operate, and maintain a gas conversion system at CRRA's Shelton Landfill. In August 1999, following a massive methane migration from the Shelton Landfill, CRRA terminated the Agreement. CRRA immediately commenced a lawsuit in Connecticut, alleging RTC's breach of the Agreement and related matters (the "Connecticut Litigation").

In November 1999, an involuntary bankruptcy petition was filed against RTC; and the Connecticut Litigation was stayed. The RTC bankruptcy case was then converted to a Chapter 11 proceeding, with RTC as debtor in possession. In February 2000, RTC filed an adversary proceeding against CRRA, and CRRA thereafter asserted a counterclaim against RTC.

On August 8, 2003, following a trial on liability issues, the Bankruptcy Court issued a memorandum opinion and judgment in the adversary proceeding, ruling for CRRA and against RTC on all of RTC's counts and in favor of CRRA on certain of CRRA's counterclaims against RTC. The only remaining matter in the adversary proceeding was the amount of CRRA's damages.

At about the same time that the Bankruptcy Court issued its rulings, the Bankruptcy Court appointed Gregg Szilagyi as the Chapter 11 trustee of the RTC bankruptcy estate (the "Chapter 11 Trustee"). Thereafter, CRRA entered into negotiations with the Chapter 11 Trustee in an attempt to reach a final resolution of the adversary proceeding. CRRA and the Chapter 11 Trustee executed a settlement agreement; and, in April 2005, the Chapter 11 Trustee filed a motion in the bankruptcy case for approval of the settlement agreement.

In June 2005, the Chapter 11 Trustee withdrew and abandoned the motion to approve the settlement after it was opposed by RTC's largest (indirect) shareholder. Faced with the Chapter 11 Trustee's abandonment of the parties' settlement agreement, CRRA presented a motion, pursuant to Rule 7054(b), to finalize the Bankruptcy Court's August 8, 2003 rulings. On June 16, 2005, the Bankruptcy Court granted CRRA's motion, entering a judgment order.

On June 22, 2005, the Chapter 11 Trustee entered into a letter of agreement with Banco Panamericano, Inc. and Chiplease, Inc. (collectively "Banco Creditors"), in which the Chapter 11 Trustee agreed to move for dismissal of the bankruptcy case and the Banco Creditors agreed to make certain payments ("the Banco Agreement"). The Banco Agreement also expressly required the Chapter 11 Trustee to file a notice of appeal in the adversary proceeding. The Chapter 11 Trustee filed motions to approve the Banco Agreement and to dismiss the RTC bankruptcy case. On June 27, 2005, the Chapter 11 Trustee filed a notice of appeal in the adversary proceeding which resulted in this appeal.

Pursuant to Rule 8006, on or before July 7, 2005, the Chapter 11 Trustee was required to file and serve CRRA a designation of the items to be included in the record and a statement of the issues to be presented on appeal. On July 28, 2005, the Bankruptcy Court issued a letter to the Chapter 11 Trustee, noting that the Chapter 11 Trustee's time to file its designation of the items to be included in the record and a statement of the issues to be presented on appeal had elapsed. On August 3, 2005, the Chapter 11 Trustee filed his Designation of Record and Statement of Issues on Appeal. The Chapter 11 Trustee's designations did not individually specify the trial exhibits or transcripts to be included in the record, as required; instead, it designated "All Exhibits admitted during trial" and "Transcripts of trial." In addition, in violation of Rule 8006, the Chapter 11 Trustee did not provide copies of the exhibits or transcripts to the Clerk of the Bankruptcy Court for inclusion in the record. Therefore, CRRA provided the trial transcript and certain trial exhibits, at its own expense, for inclusion in the record.

On August 11, 2005, the appeal was docketed in this court; and notice was sent to the parties of record. On September 1, 2005, the Chapter 11 Trustee failed to timely file his appellate brief (the brief was due on or before August 26, 2005); pursuant to Rule 8009(a)(1), CRRA filed a Motion to Dismiss. The Motion to Dismiss was scheduled to be heard on September 8, 2005; but, at the request of counsel for the Chapter 11 Trustee, and over the objection of CRRA, the motion was continued to September 28, 2005.

On September 19 and 20, 2005, the Bankruptcy Court held a trial on the Chapter 11 Trustee's motion to dismiss the bankruptcy case. Other creditors objected to the dismissal and the settlement and sought the conversion of the case to a Chapter 7 proceeding and the removal of Szilagyi as trustee. On September 21, 2005, the Bankruptcy Court entered an order denying the Chapter 11 Trustee's motion to dismiss the bankruptcy case. The Bankruptcy Court also entered an order converting the bankruptcy case to a case under Chapter 7, and the Chapter 11 Trustee was removed from the bankruptcy case. On September 27, 2005, Jay A. Steinberg was appointed as the Chapter 7 trustee of the RTC bankruptcy case.

On September 28, 2005, the Chapter 7 Trustee reported to this Court that he had been appointed as a new trustee. At the court hearing, CRRA requested a prompt ruling on its pending Motion to Dismiss. Counsel for the Chapter 7 Trustee requested that the matter be continued to afford the Chapter 7 Trustee time to familiarize himself with the case. The Motion to Dismiss was continued to October 18, 2005.

On October 17, 2005, the Chapter 7 Trustee filed a motion to extend time to respond to the pending Motion to Dismiss. At the October 18, 2005 court hearing, the Chapter 7 Trustee was granted until November 17, 2005, to file a response to the pending Motion to Dismiss.

Thereafter, the parties engaged in settlement negotiations. At the November 17, 2005 status, the parties reported that they were attempting to resolve the issues on appeal. The pending Motion to Dismiss was continued to December 1, 2005. At the December 1, 2005 status, counsel for the Chapter 7 Trustee did not appear. Counsel for CRRA reported that the parties had reached a settlement agreement in principle and would be seeking approval of the settlement in the Bankruptcy Court. In light of the announced settlement, the Court withdrew the pending Motion to Dismiss without prejudice to CRRA to refile. A status hearing was scheduled for January 19, 2006.

Settlement discussions were unsuccessful; and, on January 12, 2005, CRRA filed its Renewed Motion to Dismiss. On January 19, 2006, the Court entered a briefing schedule on CRRA's Renewed Motion to Dismiss.

## ANALYSIS

An appellant is required to file its brief within fifteen days after the entry of the appeal on the docket. *See* Fed. R. Bank. P. 8009(1). The time in which to file required briefs may be extended on motion after the expiration of the specified time period "where the failure to act was the result of excusable neglect." Fed. R. Bank. P. 9006(b)(1).

Failure to timely file an appellate brief may be a ground for dismissal. *See* Fed. R. Bank. P. 8001(a); *In re Scheri*, 51 F.3d 71, 73-74 (7th Cir. 1995) (*Scheri*). The choice of dismissal or some other "appropriate" action for the failure to timely file an appellate brief is within the court's discretion. *See Scheri*, 51 F.3d at 74. Dismissal is a severe sanction but may be the proper sanction under the circumstances. *See Scheri*, 51 F.3d at 74. Dismissal of an appeal under Rule 8009 for filing an appellate brief late is not justified "absent a showing of bad faith, negligence, or indifference." *Scheri*, 51 F.3d at 74.

The above history of this appeal clearly demonstrates negligence and/or indifference by RTC from the onset of the appeal. RTC only filed a designation of items to be included in the record and a statement of issues on appeal after being reminded that the time to do so had expired. Thereafter, RTC failed to properly provide the record of the proceedings to the Bankruptcy Court; and CRRA completed the record at its own expense. Now, although almost six months has elapsed from the time it was due, RTC has yet to file its appellate brief.

The Chapter 7 Trustee argues that the appeal should not be dismissed because he was not responsible for the previous trustee's failures to act in a timely fashion. However, as a successor trustee, he steps into the previous trustee's shoes and is bound by that trustee's conduct. *See In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1174-76 (7th Cir. 1996). In any event, the Chapter 7 Trustee has been a party to this appeal since September 2005 and, as noted above, has not attempted to remedy the previous trustee's failure to timely file an appellate brief. While there was a purported attempt to resolve the present appeal through settlement, the Trustee never moved to stay the proceeding pending the settlement negotiations nor moved for leave to file the appellate brief after the settlement negotiations failed.

The cases RTC cites in support of its argument are easily distinguished from the instant case. In *Long v. Steepro*, 213 F.3d 983 (7th Cir. 2000), the court reversed the district court's dismissal of a *pro se* complaint after an inmate's first and only infraction as a sanction under the standard of willfulness, bad faith or fault required for dismissal. Similarly, in *Schilling v. Wadworth County Park & Planning Comm'n*, 805 F.2d 272 (7th Cir. 1986), the court held that the dismissal of a

*pro se* complaint based on the plaintiff's merely failing to participate in a tentative telephone conference was in error. The applicable standard for dismissal and the facts of these cases are readily distinguished from RTC's dilatory conduct during the history of this appeal, as specifically set out above. Furthermore, RTC has failed to demonstrate its failure to act was the result of excusable neglect to permit a late filing under Rule 9006(b)(1).

Whether "excusable neglect" exists is determined by "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993) (*Pioneer*). Factors considered include the danger of prejudice to the parties, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay (including whether it was within the reasonable control of the debtor), and whether the debtor acted in good faith. *See Pioneer*, 507 U.S. at 395.

In the instant case, CRRA has been prejudiced by the Trustees' failures to timely prosecute the appeal of the Bankruptcy Court's ruling in the adversary proceeding. The delay has caused CRRA to incur additional and unnecessary expenses in this action. The delay was also unnecessarily lengthy and has delayed a final ruling as to RTC's and CRRA's right to possession of the Shelton Landfill. The lengthy delay has been caused solely by RTC; RTC's excuses for the delay, as discussed above, lack merit. Lastly, RTC has failed to demonstrate that it has acted in good faith in trying to move forward with the appeal, as evidenced by RTC's failure, to date, to move for leave to file a late brief. *See Telesphere Comm., Inc. v. 900 Unlimited, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999) (rejecting appellant's argument that excusable neglect existed in affirming dismissal of appeal).

## CONCLUSION

Based on the foregoing, CRRA's Renewed Motion to Dismiss is granted. The appeal is dismissed with prejudice.

Dated: February 22, 2006

John W. Darrah
United States District Court Judge